APPENDIX B. STATEMENT OF CLAIMS

V. Statement of Claims

Dates of Incident (s): October 2017-May 2018

Claim 1: Loss of non-frivolous 1983 - Denial of Access to the Courts, 14th Amendment; 5th Amendment Due Process right to 14th Amendment Right of free access to the courts. Protected by the 1st Amendment right to petition for redress of grievances and this includes the vindication of rights unrelated to the incarceration.

(V)(A)(1)

I, Richard Douglas Reinert Jr., was in the middle of litigating 42 USC Section 1983, Cause No. CV 16-00154-BLG-JCL, in Federal District Court - Reinert v. Billings Police Department et al, while incarcerated here at Crossroads Correctional Facility, 50 Crossroads Drive, Shelby, MT 59474. Throughout the prosecution of this Cause, I was denied access to the equipment, technology and resources required to properly investigate, research and prosecute my claim.

During the Discovery phase of my 1983, I received, via Legal Mail, a USB Flash Drive and various CD's and DVD's containing digital discovery for my civil suit. Before being allowed to view or review the information held therein, I was forced to mail it out.

Correction Counselor Susan Kloos delivered the first shipment of Legal mail from the Defendant's lawyers, Christ Krogh and Nord (CK&N). Upon her opening the packages, she found a USB Drive and various CD's/DVD's. She then informed me that I was not allowed to have any of the USB/CD/DVD's because of the rules of this facility, including but not limited to Policy 14-8. These rules, she informed me, say that inmates, 'cannot have, use or possess any electronic storage devices.' This includes digital discovery for any legal case.

I was told I had to either ship them out or let the facility destroy them. I chose to ship them out and I was required to sign a money release form right there and send them all out. I was not given the chance to view, or review any of the information or data held within these digital discovery devices.

On a second occasion, a week or so later, I was told to ship out additional digital discovery by Christy Atikenu for the same reasons stated above. I was again forced to ship out the discovery without being able to view it.

Following the first incident, I petitioned the Federal District Court to order the Defendant's to provide discovery in a non-digital format so that I might be allowed to view it. My reasons, laid out in the motion, included the fact that this facility did not allow inmates to use or possess digital/electronic discovery. The Court approved the motion 3-4 weeks later.

The Defendants complied, in part, but by the time they had it was past the scheduled time to amend my petition to reflect the correct names of the people responsible for the Deliberate Indifference claim against Riverstone Health and Yellowstone County Detention Facility.

Part of the Judge's order regarding the digital discovery was for the Defendant's lawyers, CK&N, to come to the Facility to show me the videos provided as a part of discovery. When they tried to comply with the Judge's order, Chief of Security Brent Madrid told them they could not. He imposed such strict and oppressive conditions that KC&N could not feasibly comply (See Harlan B. Krogh Affidavit- CV 16-00154).

The result of B. Madrid's policy and actions was that I was never given the opportunity to view the discovery, or view the information necessary to prosecute my claim, before Summary Judgment was declared.

Shortly thereafter, my claim was dismissed with prejudice. This was due to this Facility denying me access to the Courts. By forcing me to mail out my digital discovery before having the chance to review it, Core Civic, through its staff B. Madrid, S. Kloos, C. Atikenu and Policy 14-8, denied me the access to discovery required to properly prosecute my 1983 claim.

Had I been allowed to view my digital/electronic discovery when it had originally arrived, I would have been able to amend my petition to properly reflect the names of the individuals responsible for the deliberate indifference portion of my civil suit.

V(A)(2)

Defendant List - Claim I

1. State of MT: Including Legislature and Governor (2017-2020):
    Contracted out bed space at Core Civic knowing that the facility had limited access to the courts. Also, wrote and approved of the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

2. Director Department of Corrections (2017-2020):
John Doe
    Contracted out bed space at Core Civic knowing, or should have known, that the facility had limited access to the courts. Approved of the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

3. Director of Montana State Prison (2017-2020):
 Jane/John Doe
    Contracted out bed space at Core Civic knowing, or should have known, that the facility had limited access to the courts. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

4. Chief Executive Officer Core Civic (2017-2020):
Jane/John Doe
    Contracted out bed space at Core Civic knowing, or should have known, that the facility had limited access to the courts. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

5. MSP Warden (2017-2020):
Jane/John Doe
    Contracted out bed space at Core Civic knowing, or should have known, that the facility had limited access to the courts. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

6. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY WARDEN (2017-2020):
Fender, McTighe and Bloodworth
50 Crossroads Drive
Shelby, MT 59474
    Contributed to the Approving, and enforcing, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

7. DOC Contract Bed Monitor (2017-2020):
Kenya/Alstead
50 Crossroads Drive
Shelby, MT 59474

    As Contract Bed Monitor for the Department of Corrections, it is her responsibility to make sure that Crossroads Correctional has proper access to the Courts. Proper access to the courts includes a properly stocked library, access to LEXUS NEXUS and access to the equipment necessary to properly research, prepare and file legal documents in a modern Court of Law.

    She failed in her duties of ensuring inmates had proper access to digital discovery, computers, and the electronic filing methods used in modern Courts of Law.

    Being in charge of contracting out bed space at Core Civic she knew, or should have known, that the facility had limited and oppressive access to the courts.

8. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Unit Manager (2017-2020):
Brian Hodges, Christians, Jane/John Doe
50 Crossroads Drive
Shelby, MT 59474

    Unit Manager Hodges is responsible for his staff not knowing the correct procedure for allowing inmates to view digital discovery. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

    As of the filing of this 1983, it is still impossible to view digital discovery in any meaningful way at all.

9. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Chief of Security (2017-2020):
Brent Madrid
50 Crossroads Drive
Shelby, MT 59474

    Mr. Madrid was responsible for enforcing the policy that Inmates are not allowed to use or possess any digital records, computers, etc. limiting access to the courts for blanket 'Security' reasons.

    He was also responsible for the training of the employees that resulted in my digital discovery being sent out. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

    He also did not allow the Defendant's Lawyers to show me digital discovery videos, making the process too complicated and

oppressive for the Defendant's lawyers to follow Honorable Judge Lynch's orders.

10. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Chief of Unit Management (2017-2020):
Henson
50 Crossroads Drive
Shelby, MT 59474

   Supervisory role, he was a part of the chain of command that allowed staff beneath him to believe that inmates could not view digital discovery. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

11. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Corrections Counselor (2017-2020):
Susan Kloos
50 Crossroads Drive
Shelby, MT 59474

   She was the original person to force me to send out my digital discovery and this action played a direct role in my losing the 42 USC Section 1983, Cause No. CV 16-00154-BLG-JCL. As a seasoned Corrections Counselor, S. Kloos was following the policies implemented by the DOC, MSP, Core Civic, Crossroads Warden, Chief of Security, and Unit Management team.

12. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Counselor (2017-2020):
Christy Atikenu
50 Crossroads Drive
Shelby, MT 59474
   Following the lead of her supervising officers, and coworkers, C. Atikenu forced me to mail out multiple CD's and DVD's, all digital discovery for my 42 USC Section 1983, Cause No. CV 16-00154-BLG-JCL. She too was following the policies implemented by the DOC, MSP, Core Civic, Crossroads Warden, Chief of Security, and Unit Management team.

13. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Quality Control (2017-2020):
Simons
50 Crossroads Drive
Shelby, MT 59474

19-24 John Doe
24-29 Jane Doe

Claim 2: Loss of Post-Conviction - Access to the Courts, 14th Amendment; 5th Amendment Due Process right to 14th Amendment Right of free access to the courts. Protected by the 1st Amendment right to petition for redress of grievances and this includes the vindication of rights unrelated to the incarceration.

Dates of Incident (s): May 2018-Present

(V)(A)(1)

In 2018, I researched prepared and filed a Post-Conviction (PCR) in Montana District Court, Yellowstone County, from the confines of Crossroads Correctional Facility.

During the process of preparing my PCR I was only given limited access to the LEXUS NEXUS computer, less than 3 hours per week, old and outdated Montana Code Annotated (MCA) from 2015/16, of which there is only one copy for over 700 inmates. A limited number of typewriters and NO access to digital discovery of any kind. I was also denied any kind of access to filing my PCR digitally or including digital discovery with my PCR.

Core Civic, at Crossroads Correctional Facility, has no assistance in the preparation, research, typing or filing of any kind of legal document. There is no one here that in knowledgeable of the State or Federal appeals process and we have ZERO access to digital discovery including USB drives, CD's, DVD's or computers necessary to properly research and investigate modern cases in the digital era.

This Facility also requires inmates to pay for all of their legal copies at a rate of $0.10 per page. My PCR was 1,300+ pages long and cost me $360.00 to make the copies that I needed to serve to the MT District Court, Attorney General and District Attorney. This facility also requires inmates to cover their own postage. A cost of $75.00 or more per petition.

These costs being forced onto the inmates are oppressive and should be covered by the facility. Inmates make very little money, I made $2.25 per day during the filing of my PCR. I was forced to beg my family for money to cover these costs, causing undue hardship for my ageing parents.

Indigent inmates can 'ask' for the facility to cover some of the costs but are limited to $3.00 a month in copy allowances. Indigent inmates are required to file the indigent form a month ahead of time and must have a balance of less than $15.00 for a period of 30 days previous.

On November 19, 2019 my PCR was denied by the Honorable Judge Donald L. Harris without ordering the State to respond. His denial was a direct result of the limited access to the

courts resulting from my incarceration here at Crossroads Correctional Facility. In his denial, he states:

> "However, Reinert failed to submit any evidence to support this claim. Reinert failed to show that his copy of the bar video was of poor quality. Nor did Reinert submit evidence which shows that the State had access to video playback software that the Defense could not use."
> Cause No. DV 18-1403, Order denying petition for post-conviction, Exhibit ____

This Order continually references how I, Reinert, failed to properly format my arguments, and how I failed to attach electronic evidence. These errors are no fault of my own. I am not a lawyer, I filed pro se and in forma paupris. It is impossible for me to comply with the District Courts requirements from the confines of the facility I am being forced to reside in.

Without access to computers, digital discovery or the modern electronic filing methods of today's court system, I am unable to provide the court with the evidence it required- despite the fact that the evidence exists outside the record. This is a direct result of the wrongful conviction I am fighting and the overly oppressive policies of Core Civic and the State of Montana.

If the State District Courts are requiring incarcerated indigent pro se inmates to file digital discovery and adhere exactly to the stringent and strict filing procedures that practicing lawyers are required to follow, then this Facility and the State of Montana should be required to provide that level of access to the Courts.

I filed an appeal with the Montana Supreme Court in early 2020 after being forced to rely on the same excessively restrictive and oppressive conditions of confinement, and policy 14-8. My appeal was denied September 8, 2020. This despite my issues, as stated in paragraph 9, page 3-4 of their 2020 Opinion – DA 19-0694:

> "Reinert argues on appeal that the District Court erred in summarily dismissed the following claims: (1) the State failed to obtain or disclose material evidence, specifically evidence of Danielle's statement made to nurses in 2011 regarding a later recanted allegation of rape, finger prints and DNA from a knife in the Reinert home, information about Reinert's alleged injuries, blood samples from Reinert

and Danielle, the Billings Police Department Policy Manual, Reinert's own cell phone records and impeachment evidence that could have been used to discredit the forensic pathologist who testified at trial; (2) the District Court abused its discretion by twice refusing to allow Reinert to offer hearsay evidence of alleged threats made by Stephenson toward him; (3) the State committed prosecutorial misconduct when it made certain statements at trial asserting Reinert's testimony was untruthful; (4) trial counsel was ineffective by failing to object to the State's use of character evidence at trial, the State's failure to collect certain evidence, violations of Reinert's rights pursuant to Miranda v. Arizona, 384, U.S. 436, 86 S. Ct. 1602 (1966), the prosecutor challenging Reinert's truthfulness during closing arguments, the use of the State's jury instructions and trial counsels failure to include certain definitions in its instructions to the jury, the allegedly poor quality of security camera footage, the trial courts failure to provide Reinert with a preliminary hearing or a Grand Jury, the state's use of emotion in reading text messages, and the states violations of sentencing pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct 1194 (1963), failing to file moti9ons to exclude Danielle [Reinert's wife] as a witness, suppress the 911 call [due to 6th Amendment violations of Reinert's right to confront witnesses] , change venue, and notify the trial court of possible jury misconduct and, finally, (5) Appellate counsel was ineffective for failing to raise on direct appeal issues of ineffective assistance of trial counsel and failing to file a supplemental authority notice of the cumulative error doctrine addressed in State v. Cunningham, 2018 MT, 390 Mont. 408, 414 P.3d 289."
        2020 Montana Supreme Court Opinion - DA 19-0694,
        Exhibit \_\_\_\_\_

    As it stands today, it is impossible for any indigent pro se inmate to meet the strict standards of Montana's District Courts. If the State District Courts are requiring incarcerated pro se petitioners filing in forma paupris to include digital/electronic evidence, the state of Montana and Core Civic need to allow the access to the resources required to research, investigate, prepare and file court documents and electronic discovery in the digital age. We now live in a digital age and in order to meet the strict filing demands of this digital age,

we must have sufficient access to the courts needed to do so. This should be remedied.

V(A)(2)

Defendant List- Claim II

1. State of MT (2018-Present):
   Contracted out bed space at Core Civic knowing that the facility had limited access to the courts. Also, wrote and approved of the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

2. Director Department of Corrections (2018-Present):
John Doe
   Contracted out bed space at Core Civic knowing, or should have known, that the facility had limited access to the courts. Approved of the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

3. Director of Montana State Prison (2018-Present):
 Jane/John Doe
   Contracted out bed space at Core Civic knowing, or should have known, that the facility had limited access to the courts. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

4. Chief Executive Officer Core Civic (2018-Present):
Jane/John Doe
   Contracted out bed space at Core Civic knowing, or should have known, that the facility had limited access to the courts. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

5. MSP Warden (2018-Present):
Jane/John Doe
   Contracted out bed space at Core Civic knowing, or should have known, that the facility had limited access to the courts. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

6. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY WARDEN (2018-Present):
Fender, McTighe and Bloodworth
50 Crossroads Drive
Shelby, MT 59474
   Contributed to the Approving, and enforcing, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

7. DOC Contract Bed Monitor (2018-Present):
Kenya/Alstead
50 Crossroads Drive
Shelby, MT 59474

As Contract Bed Monitor for the Department of Corrections, it is her responsibility to make sure that Crossroads Correctional has proper access to the Courts. Proper access to the courts includes a properly stocked library, access to LEXUS NEXUS and access to the equipment necessary to properly research, prepare and file legal documents in a modern Court of Law.

She failed in her duties of ensuring inmates had proper access to digital discovery, computers, and the electronic filing methods used in modern Courts of Law.

Being in charge of contracting out bed space at Core Civic she knew, or should have known, that the facility had limited and oppressive access to the courts.

8. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Unit Manager (2018-Present):
Brian Hodges, Christians, Jane/John Doe
50 Crossroads Drive
Shelby, MT 59474

Unit Managers are responsible for their staff not knowing the correct procedure for allowing inmates to view digital discovery. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

As of the filing of this 1983, it is still impossible to view digital discovery in any meaningful way at all.

9. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Chief of Security (2018-Present):
Brent Madrid, Jane/John Doe
50 Crossroads Drive
Shelby, MT 59474

Mr. Madrid, and other Chief of Securities, are responsible for enforcing the policy that Inmates are not allowed to use or possess any digital records, computers, etc. limiting access to the courts for blanket 'Security' reasons.

He was also responsible for the training of the employees that resulted in my digital discovery being sent out. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, among others.

He also did not allow the Defendant's Lawyers to show me digital discovery videos, making the process too complicated and

oppressive for the Defendant's lawyers to follow Honorable Judge Lynch's orders.

10. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Chief of Unit Management (2018-Present):
Henson
50 Crossroads Drive
Shelby, MT 59474
    Supervisory role, he was a part of the chain of command that allowed staff beneath him to believe that inmates could not view digital discovery. Approved of, and enforced, the overly oppressive policies denying inmates access to the Courts. Policy 14-8, and others.

11. CORE CIVIC CROSSROADS CORRECTIONAL FACILITY Quality Control (2018-Present):
Simons
50 Crossroads Drive
Shelby, MT 59474

19-24 John Doe
24-29 Jane Doe

Claim III: Denial of Due process and access to the courts-14th Amendment; 1st Amendment right to petition for redress of grievances and this includes the vindication of rights unrelated to the incarceration.

Dates: 2018-Present

(V)(A)(1)

The State of Montana's Court system is not following the law as written by the Legislature. Specifically, the Montana Legislature created and approved of a "FORM TO BE USED BY PRISONERS FILING A PETITION FOR POSTCONVICTION RELIEF UNDER MONT. CODE ANN. §46-21-101 ET SEQ." Attached as Exhibit ____. This form is mailed to every inmate upon the completion of their Direct Appeal by the Appellate Defenders Office and is the guideline by which all indigent inmates prepare and file their PCR.

This form provides inmates with a false sense of hope and security. It does not properly outline the correct way to file a PCR nor does is provide accurate information about what is required, what issues may be raised, or what should be included in a petitioners Memorandum.

In this form, as part of the instructions section, it states:

> "3. You must set forth all grounds for relief known to you at this time, along with facts that support each ground. If you fail to set forth all the grounds in this petition you may be barred from presenting additional grounds at a later date. The most common grounds are (a) ineffective assistance of trial counsel; (b) ineffective assistance of appellate counsel and (c) the prosecutor withheld exculpatory evidence."

Providing the inmate with a prewritten MEMORANDUM for each of the above listed issues. The problem with this MEMORANDUM is: if a petitioner uses it, they are guaranteed to lose their Petition for Post-conviction, even if their PCR claims have merit and would result in relief.

In 2018, I researched prepared and filed a Post-Conviction (PCR) in Montana District Court, Yellowstone County, from the confines of Crossroads Correctional Facility. On November 19, 2019 my PCR was denied by the Honorable Judge Donald L. Harris

without ordering the State to respond. I used the FORM TO BE USED BY PRISONERS FILING A PETITION FOR POSTCONVICTION RELIEF UNDER MONT. CODE ANN. §46-21-101 ET SEQ. as my outline, and then added more case law, arguments and information. My PCR claim included nearly 30 Constitutional violations and over 1,200 pages of supporting documents, NEW EVIDENCE, and Affidavits supporting my claims.

My case is not unique. Anyone using the State mandated form has, and will, lose their PCR for failing to sufficiently argue their claims.

Indigent, pro se petitioners filing from prison are held to a higher standard than this form allows. In fact, indigent, pro se petitioners filing from prison are held to a higher standard than trained and practicing attorneys admitted to the bar. They are also held responsible for the failures of their trial and appellate counsel. In fact, the less effective a defendant's counsel is, the more protected they are.

Here in Montana, indigent, pro se petitioners filing from prison are required to learn all of the intricacies of the Justice system, train themselves using only outdated books and do it all within the one-year period allotted by the AEDPA.

This FORM TO BE USED BY PRISONERS FILING A PETITION FOR POSTCONVICTION RELIEF UNDER MONT. CODE ANN. §46-21-101 ET SEQ. is misleading in its wording and should be ruled as unconstitutional. Any inmate using this form to file a PCR is being "set up to fail".

V(A)(2)

Defendant List- Claim II

1. State of Montana, Legislature, Governor, and Judicial System