IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| RICHARD D. REINERT, JR., <br><br> Plaintiff, <br><br> vs. <br><br> GOOTKIN ET AL., <br><br> Defendants. | CV-21-39-GF-BMM <br><br><br><br> **ORDER** |

Plaintiff Richard D. Reinert, Jr. ("Reinert") filed a Complaint alleging various constitutional claims regarding his access to the courts while incarcerated. (Doc. 2). The Court stayed the matter while Reinert pursued related litigation. (Doc. 6.) That related litigation has ended, and the Court lifted the stay in this matter. Reinert has filed an Amended Complaint. (Doc. 14.) The Amended Complaint fails to state a claim and will be dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Reinert is a state prisoner incarcerated at Crossroads Correctional Montana State Prison ("CC"). Reinert proceeds in forma pauperis and without counsel. Reinert names the following Defendants: Brian Gootkin, Director of Montana Department of Corrections ("DOC"); Jim Salmonsen, Warden of Montana State Prison; CC Wardens Fender and Bludworth; Ms. Kenya/Alstead, DOC Bed

1

Monitor at CC; Brian Hodges, Unit Manager at CC; Brent Madrid, Chief of Security at CC; Mr. Henson, Chief of Unit Management at CC; Susan Kloos, Corrections Counselor at CC; and Christy Atikenu, Counselor/Case Manager at CC; Jimmy Turner, VP of Operations at CoreCivic; G.A. Puryear; and John and Jane Does. (Doc. 14 at 12 - 14.)

## B. Allegations

Reinert alleges three claims regarding denial of access to the courts. (Doc. 14 at 16 - 18.) Claim One arose from October 2017 – May 2018. Reinert asserts violations of the First, Fifth, and Fourteenth Amendments. (Doc. 14 at 16.) Reinert alleges that he was denied access to the courts while he was litigating a previous action in the Billings Division of this Court. In particular, Reinert asserts that he received digital copies of various discovery on CDs, DVDs, and a flash drive, but he was unable to view the materials and was forced to mail them out. (Doc. 14 at 16.) Reinert names Defendant Kloos as the person who opened the package and told him that he could not possess these items, according to policy. *Id.* Reinert had to pay to have the materials shipped out of CC. A week later, Defendant Atikenu also required Reinert to ship out some discovery materials.

Reinert sought assistance from the Court, which required the defendants in that litigation to assist Reinert in viewing the discovery. Reinert alleges that Defendant Madrid obstructed the process. The deadline for amendments to

2

pleadings eventually passed, and Reinert could not amend his claims to name the proper defendants. He lost his case on summary judgment. Reinert contends that if he had been able to view the discovery when he received it, he would have amended his complaint to properly allege his claims, and, implicitly, he might have prevailed on those claims. (Doc. 14 at 16.)

Reinert's second access to the courts claim arises out of his 2018 attempt to file a petition for postconviction relief in Montana state court. (Doc. 14 at 17.) Reinert asserts that he had only three hours of Lexis/Nexis research time per week, access only to old Montana Code volumes, no access to digital discovery, and no method for including digital discovery with his court filings. *Id.* Reinert quotes the denial Order for his petition, in which the court discusses various failures on Reinert's part to submit evidence. Reinert contends that he is "unable to prove [his] innocence due to the overly oppressive conditions of confinement" at CC. (Doc. 14 at 17.)

Reinert's final claim alleges that the Montana statute governing petitions for postconviction relief itself is unconstitutional. (Doc. 14 at 18 (citing Mont. Code Ann. § 46-21-101 et seq.)) Reinert asserts that the requirements of the law disadvantage prisoners because they do not have access to the same digital resources as anyone else filing a court document, and that the requirements are essentially impossible for a prisoner to meet.

Reinert seeks compensatory damages on Claim One and injunctive relief on Claims Two and Three. (Doc. 14 at 20 – 21.)

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Reinert is a prisoner proceeding in forma pauperis, meaning that the Court must review his Amended Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

A two-step procedure exists to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations that are accepted as true "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations that are accepted as true "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### A. Analysis

Inmates possess a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress of his grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Two types of access to the courts claims exist: "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference." *Silva*, 658 F.3d at 1102.

Reinert asserts the second type of claim, the right to litigate without active interference, which arises under the First and Fourteenth Amendments. *Id.* at 1102-3 (9th Cir. 2011); *see also First Amend. Coal. of Arizona, Inc.*, 938 F.3d at 1080 (recognizing that the right of access to courts may be violated by "active interference with a prisoner's right to litigate, such as seizing and withholding the

prisoner's legal files"). Reinert's Claims One and Two assert that the policies at CC, in particular Policy 14-8, prevent him from being able to litigate his claims successfully.

The right of access to the courts is only a right to bring complaints to the federal court, and not a right to discover such claims or to litigate them effectively once filed with a court. *See Lewis v. Casey*, 518 U.S. 343, 354-355 (1996). "[T]he Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance." *Id.* at 360.

To establish a violation of the right of access to the courts, Reinert must establish that he has suffered an actual injury, which is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotation marks omitted).

1. Claim One

Reinert's Claim One fails to state a claim. Under the framework above, Reinert must allege that he suffered an actual injury in his ability to litigate his section 1983 claim. The injury he asserts is that without the digital form of his

discovery, he could not "amend [his] petition in time to prosecute the people responsible for the deliberate indifference portion" of his claim. (Doc. 14 at 16.) *Lewis* makes clear that difficulties in discovery, however, do not reach the level of a constitutional interference with Reinert's access to the courts. The Court has reviewed the Court's summary judgment Order in *Reinert v. Billings Police Dept*, CV 16-00154-BLG-JCL. The Court takes judicial notice of the content of the case files for both cases that Reinert contends form the basis of his claims. The Court's screening usually proceeds only on a review of a plaintiff's Complaint. No reason exists to dispute the contents of the operative documents in those other cases, and they are (or have been) in Reinert's possession; Reinert's Amended Complaint does not contain sufficient information to proceed otherwise. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (to plead an actual injury for an access-to-courts claim, the complaint "should state the underlying claim in accordance with Fed. R. Civ. P. 8(a), [ ] just as if it were being independently pursued"). To ignore those documents and encourage further proceedings when they would no doubt be introduced by Defendants at their first opportunity would be a waste of judicial resources.

      The court's order in Reinert's earlier case reflects that Reinert's access to the digital discovery was not necessary for Reinert to pursue his claims. Reinert possessed alternative, non-digital means to obtain the information he sought: he

previously had seen the video that was the point of contention between the parties, and the actual content of the video was not a matter of dispute. *Order*, May 8, 2018, at 10 – 11. Reinert has not plausibly alleged that he suffered an actual injury in his ability to litigate that matter. Reinert has failed to state a claim that his access to the courts was constitutionally insufficient regarding his § 1983 claim.

2. Claim Two

Reinert's second claim again asserts that CC interfered with his ability to litigate, but focuses this time on his Montana state court petition for postconviction relief. (Doc. 14 at 17.) Reinert states that he had limited access to LEXIS/NEXIS, outdated Montana Code books, and an inability to access or file digital discovery. (Doc. 14 at 17.) Reinert alleges that his "inability to attach electronic evidence to the digital court docket—due to overly oppressive conditions of confinement—resulted in [his] petition being dismissed as procedurally barred." (*Id.*)

Reinert quotes the district court who denied his state district court petition: "Reinert failed to submit any evidence to support this claim," meaning his claim that his attorney was ineffective for failing to object to the low quality of certain video evidence as a *Brady* violation. (Doc. 14 at 17, quoting Judge D. Harris' Nov. 14, 2019 Order in DV 18-1403, Mont. 13th Judicial Dist. at 21.) A full copy of this Order is available in this Court's docket for Reinert's federal petition for habeas corpus, *Reinert v. Gootkin*, Cause No. 21-CV-BLG-SPW, at Docket 12-48. No

logical mechanism exists to bootstrap this one small element of Reinert's criminal prosecution into a violation of his constitutional right of access to the courts. The evidence in question was used at trial to show Reinert's behavior at a bar with his wife and her friend and to show Reinert's level of intoxication and behavior. Order, 21.

Reinert claimed he only received a low-resolution copy of this video in discovery, and it was a *Brady* violation to which his counsel should have objected at trial. Reinert argues here that if he had received digital discovery in prison, he could have found some evidence to support this point in his petition and submitted the low-quality video. Reinert does not state that he knows such evidence exists. It stretches plausibility to contend, however, that not having a copy of evidence that may not exist on one point regarding his counsel's performance at trial amounts to unconstitutional "actual prejudice" or "active interference." Reinert filed a 77-page postconviction petition in Montana state district court, not including exhibits, that posited several arguments regarding all aspects of his trial, including fifteen asserted grounds of ineffectiveness of trial counsel. (Available at *Reinert v. Gootkin*, Cause No. 21-CV-BLG-SPW, Doc. 12-42 at 24 - 50.) Reinert fails to state a claim for violation of his access to the courts regarding his state law postconviction petition.

   3. Claim Three

Reinert's third claim is brief. Reinert asserts Montana's post-conviction process is unconstitutional. Mont. Code. Ann. § 46-21-101 et seq. Reinert claims that wrongfully convicted prisoners cannot fight their convictions because they do not have access to all the digital resources available to others. Reinert ties this deficiency to CC's digital discovery policy by saying that the Montana state courts cannot punish prisoners for "failing to attach digital evidence to the electronic court docket," because they have "no way to do so." (Doc. 14 at 18.) This claim differs fundamentally from Reinert's two prior claims. Reinert no longer claims a specific injury to himself alone, but instead claims the entire statute is flawed on its face. This claim fails.

First, Reinert has not named proper defendants for this claim. None of the defendants Reinert has named played any role in creating and enforcing Montana state law or possessed the authority to change Montana state law. Reinert also has failed to make a *prima facie* showing that the law prevents people from filing satisfactory postconviction petitions. Reinert identifies no flaw in the law itself, which does not require the filing of electronic discovery. Reinert instead has identified a practical challenge that he faced that, ultimately, did not alter the outcome of his case.

Second, this claim is not justiciable in this Court. Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to

justiciable "cases" and "controversies." U.S. Const., Art. III, § 2. The U.S. Supreme Court requires a plaintiff to make the following showing to meet the justiciability requirements for federal subject-matter jurisdiction: (1) standing; (2) that the case is ripe; (3) the case is not moot; and (4) the case does not involve a political question. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006); *Baker v. Carr*, 369 U.S. 186, 198-99 (1962). Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *See Kontrick v. Ryan,* 540 U.S. 443, 455 (2004). Reinert's Claim Three fails this test.

Reinert no longer has standing to challenge the statute as it applied to him. Reinert's claim regarding Montana's postconviction procedure is now moot. Reinert had his full round of postconviction relief challenges in state court. Reinert never raised the argument that the statute itself was unconstitutional. Reinert did not allege, at the time, that he was facing an impediment that made the procedure unconstitutional as applied to him. Reinert's postconviction relief petition failed, and he now seeks a remedy for that loss in this Court. A section 1983 action cannot be used to collaterally attack a criminal conviction. *Nasby v. Nevada*, 79 F.4th 1052, 1059 (9th Cir. 2023) (citing *Heck v. Humphrey*, 512 U.S. 477, 484–86 (1994).) Reinert cannot assert this claim on behalf of other convicted persons who may yet proceed down this path. Reinert lacks standing to make this claim.

In addition, even if this Court found a flaw in Montana's procedure, and the Legislature of Montana changed the law as a result, Reinert likely would not benefit. *Dempsey v. Allstate Ins. Co.*, 2004 MT 391, ¶ 31, 325 Mont. 207, 218 (discussing in detail the history of retroactivity in Montana state courts and stating "[f]or reasons of finality we also conclude that the retroactive effect of a decision does not apply *ab initio,* that is, it does not apply to cases that became final or were settled prior to a decision's issuance.") Habeas petitioners whose cases were closed likely would not be entitled to file a new petition based only on a change in whether electronic materials could be submitted. *See also Teague v. Lane* 489 U.S. 288, 310 (1989). Reinert's Claim Three does not present a live case or controversy over which this Court has jurisdiction and will be dismissed.

### III. CONCLUSION

Reinert's Amended Complaint fails to state a claim upon which relief may be granted. Based upon the foregoing, the Court issues the following:

### ORDER

1. Reinert's Amended Complaint is **DISMISSED**. The Clerk of Court is directed to close this matter and enter judgment pursuant to Fed. R. Civ. P. 58.

2. The Clerk of Court is directed to have the docket reflect that this matter counts as a strike against Reinert within the meaning of 28 U.S.C. § 1915.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

Dated this 4th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court